21-1234. Thank you. And for the appellant, do we have Mr. Goetz? Yes, Your Honor. Did I pronounce that properly? You pronounced it perfectly, Your Honor. Thank you. Perfect. So we understand that, let's see, we have five minutes per side. So, please proceed. Thank you, Your Honor. If possible, I'd like to preserve one minute. Sure. Thank you. In the A class settlement, that class period ended September 15, September 23, excuse me, 2015. It included declaratory relief reports, label changes, and website disclosures. This class starts the next morning, September 24, 2015. In this class, those label changes for the gate case are challenged, those website disclosures are challenged. And everyone in the gate class is in this class if they bought an underarm deodorant, a toothpaste tube starting September 24, 2015. Well, they say that, so there's some members of the new class that was not in the prior class. Do you dispute that? The Moran plaintiff, Your Honor, put out a call when she bought the products and whether that would be within the class period or not. So she said that she bought it in September 2015, the deodorant, and the class period ends September 23, 2015. It's never shown that the class representative is in the period. Odds are she's in the gate class and bought this product within the period of the gate class. So what this means... Does it make a difference? Is it that you're saying that just members of the prior class can't make a new lawsuit based on a similar cause of action? Or is there a kind of equitable argument that because we have a settlement of this issue in the prior class, we shouldn't allow a new class to be served? What this means is that the adjunct of relief in the gate case has to mean something. It has to mean that if we have the exact labels and website disclosures that the gate settlements require, then the members of the gate class cannot sue them this year. If there are different labels and different websites, they can, but that's not the issue here. There's no contention that we didn't comply with the settlement agreement. And indeed, there's... These plaintiffs admit that they stopped buying this product when they were first contacted by counsel. So that's within the year of the September 23, 2015... So can I ask you this? So usually we said in summa tomo that it's going to be rare that we entertain this kind of an appeal from a class certification. So what is unique about this case? What's unique about this case, Your Honor, is that it eviscerates the value of the adjunct of relief and settlement. If you can sell it today and sue tomorrow... But isn't that just a merits argument? Aren't you really just saying you have a really strong merits case? But I don't think that we grant certification based on that alone. I mean, we talk about things about whether certification would be the death knell. I mean, I would think everybody who appeals thinks, or at least argues, that they have a very strong case that they should absolutely win. And I think what you're making are merits arguments. And I understand that's something we would look at, but isn't the more important thing, well, we normally let these things run their course? Well, Your Honor, the important legal issue here is that adjunct of relief and settlement has no value if you have to go ahead and relitigate all those issues. If this class can include all of the members of the A class, what if we purchased in our settlement? That's a very important legal issue. Yeah, but why is it necessary to decide that now? I mean, why is it necessary to deal with that now? Why should we have to deal with that? Why not do it at the end? This doesn't look like a very complicated case to me. The importance of doing it now is that this is the law. If a member of a class can go ahead and file a new lawsuit, it chills the ability to use adjunct of relief in a settlement. In all other cases, why wouldn't you settle a case with adjunct of relief if they can sue you the next day? That's the importance of this case. It sends a chill in how the class cases can be settled. Okay. You have reserved. Would you like to use your additional minute or would you like to reserve it? I'll reserve it. Thank you. Thank you. We'll hear from Ms. Westcott. And I guess I should have prefaced everything this morning. We understand talking through masks can be difficult, so we just ask all of the attorneys who are arguing to please just lean a little bit more into the microphone because sometimes we do have a little trouble hearing you. Thank you. Please proceed. Seemingly, to have a class certification order to refute must either demonstrate that the class certification order will determine the litigation and that there has been a substantial showing that the district court's decision is questionable or, under Prompt II, that the class certification order implicates a legal question about which there is a compelling need for an immediate resolution. And the petitioners here have shown neither one of those items. Under the first Prompt, the petitioners have not made any showing that the district court... But what about this idea? I mean, if it were true, I understand you dispute this, but if it were true that the certification order essentially eviscerates the settlement from the prior litigation, why wouldn't that be a compelling need for immediate resolution? Because we want to support the fact that there's a strong policy in favor of settlement of settlement. That seems to be a compelling need, no? Sure. What it really comes down to is the identical factual predicate doctrine. What they are arguing is that the identical factual predicate is implicated in the settlement as in the David Moore case, and that's simply not true. There are different purposes with different labeling, different time periods... Well, I understand there's different labeling, but they're saying that the new labeling is pursuant to the settlement agreement in the first litigation. And so if the class members can turn around and sue based on the labeling that they agreed to in the first litigation and that the court in the first litigation ordered Colgate to adopt, it undermines the settlement. Sure. These are separate purposes, though. So we do not know the extent... As far as the class settlement goes, the injunctive relief that was provided included an asterisk in sending consumers to the website. But additional labeling changes have been made, and in fact the district court required that defendants submit the new labeling. We don't know that those changes that were made to it, to the injunctive relief, were the only changes. These are completely new labeling. The labeling changes on the products routinely as it was submitted in their supplemental declarations in support of the opposition to class certification. So maybe you'd prevail if it were certified, because actually there's labeling changes that go beyond what was adopted pursuant to the injunction. But I guess I just kind of focused on this question. Like, if it were really true that the court in the first litigation ordered Colgate to adopt this labeling and then the class members turned around and sued on that labeling that they had agreed to in the first litigation, why wouldn't that be a compelling thing to resolve? Even if you're saying it should be resolved in your favor, why wouldn't it be something that could be resolved right away? We don't think that it's necessary that it's resolved at this juncture. We don't think it falls under the promise of 23F. And if it's something that needs to be resolved, it can be resolved at the finality of the case. I'd also like to address one of the arguments that defendants made with regard to plaintiff Moran. In the district court's class certification order, there is a sentence in there that states that it's unclear when plaintiff Moran purchased her products, but in fact, after reviewing some of those transcripts, her deposition transcript from July 17, 2018, which is submitted in the class cert papers as exhibit A to Mr. Callaghan's declaration, stopping on 144, her transcript at page 48, lines 18 to 24, Mr. Callaghan goes back and questions her about that September date, and she, in fact, remembers that it was after September, it was actually October or November of 2015. So hanging their hat on the fact that the three class representatives were in the gay case, I think just doesn't go far when we have this deposition transcript from Ms. Moran that actually states that she was not in the gay class. Well, does that make a difference? So if all of the plaintiffs here were in the gay class, would you say that that would terminate the litigation and it would be an important question to resolve? Does that make the key difference? Well, I think in that case, it doesn't resolve. It still does not come to the level of requirement where it would be a wonderfully strong issue, because it could be just a modification of the class certification order, or it's just something that plaintiffs' rights and the legal court do not have a right to pursue their case because they are members of the gay class. So even if they were all members of the gay class, you would still say it should wait until final judgment? Yes, that's correct. Okay. Thank you very much, Ms. Westcott. Let's hear from Mr. Getz. You have reserved a minute of rebuttal. Thank you, Your Honor. Three points. Number one, the ethical factual credit. In their opposition to pages 16 to 20, plaintiffs say that specific labels, uses, and ingredients don't matter. All that matters is the word natural. That's what the KKK was all about, the use of the word natural. These products, these ingredients, they do have the ethical factual credit. In fact, Judge Wood at page 10 of her opinion says the sole alleged misrepresentation is the use of that word. The sole misrepresentation. Number two, I cannot overstate the impact of a case like this on the ability to settle cases, to settle this case, to settle any case, when you have to tell your client, you can get injunctive relief, but it will not Number three, even if Moran could be the purchaser who first purchased after the gay class, that doesn't eliminate the issue that this class includes everyone in a gay continued purchase. At a minimum, they need to be opposite states. And the other two purchasers, there would be no class representative for California, there would be no class representative for those with independent certified. And here, we think that Moran, to be a class representative, needs to be heard and approved. Thank you very much. Thank you very much to both of you. It's a very helpful oral argument we will reserve this evening.